UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORMAN SIMMONDS, Petitioner, | : : : | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| v. | : : | |
| J.A. KELLER, Warden, Respondent. | : : | CIVIL ACTION NO. 1:12-CV-3421-TWT-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Petitioner was confined at the federal prison in Atlanta, Georgia (the "Prison") when he filed this action. (Doc. 1.) Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (*Id.*) Specifically, Petitioner contends that he was improperly placed in a disciplinary segregation unit at the Prison in August 2012, which impeded his ability to meet with his criminal defense counsel and access the law library. (*Id.*) Petitioner seeks release from the segregation unit.[1] (*Id.*)

Respondent opposes the petition. (Doc. 4.) Respondent submitted a declaration from the Jail Administrator at the Prison, who averred that Petitioner did not attempt

---

[1] In the alternative, Petitioner seeks bond, i.e., complete release from confinement. (Doc. 1 at 2.) The Court denied Petitioner's numerous motions for bond that he filed in his pending criminal case. Order, *United States v. Simmonds*, 1:11-cr-235-RWS-LTW (N.D. Ga. Feb. 21, 2012); Order, *Simmonds*, 1:11-cr-235-RWS-LTW (Apr. 24, 2012). Moreover, Petitioner is no longer a pre-trial detainee, as he pled guilty on July 19, 2012, and is awaiting sentencing. *Id.* ECF No. 287

to exhaust administrative remedies regarding his claim in this case and that Petitioner was released from the Prison on November 2, 2012 and transferred to another facility not under control of the Prison or the federal Bureau of Prisons. (Doc. 4-1.) Respondent thus argues that this case should be dismissed. (Doc. 4.) Petitioner has not responded to Respondent's contentions.

Given Petitioner's release from the Prison, this action is moot because there is no longer a live case or controversy and the Court can no longer provide the relief Petitioner seeks. The constitutional "case-or-controversy requirement subsists through all stages of federal judicial proceedings" and requires that the petitioner "have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" i.e., "[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *De La Teja v. United States*, 321 F.3d 1357, 1361-62 (11th Cir. 2003) (citation omitted). If, after a petition for a writ of habeas corpus is filed, events occur that deprive the court of the ability to grant the petitioner meaningful relief, "then the case becomes moot

and must be dismissed." *Id.* at 1362; *see Soliman v. U.S. ex rel. INS*, 296 F.3d 1239, 1242 (11th Cir. 2002).

It is undisputed that after Petitioner filed his § 2241 petition, he obtained the relief he seeks in his petition – release from the disciplinary segregation unit at the Prison. (Doc. 4-1.) This case is therefore moot and should be dismissed for lack of jurisdiction. *See Soliman*, 296 F.3d at 1242 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed . . . because mootness is jurisdictional." (citation and quotation marks omitted)).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED AS MOOT**.

**SO RECOMMENDED**, this 26 day of December, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)